**FILED**

**MAY 2 3 2007**

~~CLERK~~

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**************************************************************************

| | | |
|---|---|---|
| | * | |
| JERRY MEDICINE HORN, | * | CIV. 06-4021 |
| | * | |
| Petitioner, | * | |
| | • | MEMORANDUM OPINION |
| | • | AND ORDER TO |
| -vs- | * | SUPPLEMENT THE RECORD |
| | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |
| | * | |

**************************************************************************

Petitioner Jerry Medicine Horn filed a Motion to Vacate, Correct or Set Aside Sentence
pursuant to 28 U.S.C. § 2255, contending that the Court lacked jurisdiction to enter the Judgment
in a Criminal Case signed by the Court on December 3, 1998, sentencing him to 12 months' and 1
day incarceration. (CR 98-40126, Doc. 56.)  Because Petitioner is no longer in custody for the
conviction he is challenging, the Court construed his § 2255 as a request for a writ of error coram
nobis.  For the following reasons, the Court will allow Petitioner an opportunity to supplement the
record.

## BACKGROUND

On September 22, 1998, Petitioner pled guilty to Count 1 of the Superseding Information
charging him with burglary in violation of 18 U.S.C. § 1153 and SDCL § 22-32-8.  The burglary
occurred at the Lake Andes City Liquor Store, which is located on former allotted land on the
Yankton Sioux Reservation. (CR 98-40126, Doc. 39.)  Petitioner was sentenced to 12 months' and
1 day imprisonment. (*Id.*, Doc. 54.)

On August 31, 1999, in *Yankton Sioux Tribe v. Gaffey*, 188 F.3d 1010 (8th Cir. 1999), the
Eighth Circuit held that the Yankton Sioux Reservation had been diminished by the loss of lands
originally allotted to Tribal members which had passed out of Indian hands.  After the *Gaffey*
decision was issued, the Court asked the United States Attorney's Office to write to the defendants

affected by, or potentially affected by, the *Gaffey* jurisdiction decision, "so that those that had been convicted and sentenced in this court would know they could bring a 2255." (CR 04-40106, Doc. 105, Sentencing Transcript at p. 3-4.) About 50 letters were sent, but one was not sent to Petitioner. (*Id.*) On October 26, 1999, after Petitioner served his 12 month and 1 day sentence in CR 98-40126, a Petition to Revoke Supervised Release was filed. (CR 98-40126, Doc. 57.) On January 18, 2000, this Court dismissed the Petition to Revoke for lack of jurisdiction pursuant to *Gaffey* because Petitioner's crime occurred on a former allotment. (*Id.*, Doc. 71.)

Later, in *Covey v. United States*, 109 F.Supp.2d 1135 (D.S.D. 2000), this Court granted a § 2255 motion and vacated a sentence because the crime was committed on originally allotted land which had passed out of Indian hands and, under the holding in *Gaffey*, this Court lacked jurisdiction when the Judgment was entered. Following its holding in *Covey*, the Court proceeded to grant a number of other § 2255 motions filed by defendants whose crimes were committed on former allotments. Petitioner never challenged his 1998 conviction for lack of jurisdiction by way of a motion under 28 U.S.C. § 2255. He says he was not aware he could obtain expungement of the 1998 conviction by means of a § 2255 motion until it was mentioned at the time of his sentencing on the subsequent conviction. (Doc. 11.)

On September 23, 2004, Petitioner was charged with aggravated sexual abuse and sexual abuse of a minor. (CR 04-40106, Doc. 1.) He was convicted on Counts 1 and 2 of a Superseding Indictment on April 27, 2005. (*Id.*, Doc. 91.) On August 18, 2005, Petitioner was sentenced to 240 months' imprisonment on Count 1 to run concurrently with 180 months' imprisonment on Count 2. (*Id.*, Doc. 97.) The judgment and conviction were affirmed on appeal. *See United States v. Medicine Horn*, 447 F.3d 620 (8th Cir. 2006). At the present time, Petitioner is in custody serving the sentence imposed in CR 04-40106. He filed a § 2255 motion claiming that the 1998 conviction adversely affects him, and he asks the Court to vacate the conviction.

On September 15, 2006, this Court issued an Order construing the § 2255 as a writ of error coram nobis and directing the government to respond. In its response, the government asserts that

2

Petitioner is not entitled to coram nobis relief because he has not shown that his 1998 conviction is causing adverse consequences.

## DISCUSSION

In *United States v. Morgan*, 346 U.S. 502 (1954), the Supreme Court held that the common-law writ of error coram nobis was available to an applicant who was serving a state prison term that the sentencing court had enhanced because of a prior federal conviction. The applicant had long since served the federal sentence when he sought an order to void it. The district court treated the action as a § 2255 motion and, because a § 2255 motion requires that the applicant be "in custody" at the time of filing, the district court dismissed the action for lack of jurisdiction. The Supreme Court, finding that no other remedy was available for the applicant, held that the district court had jurisdiction to treat the action as a motion for a writ of error coram nobis. The Court held that the writ is an "extraordinary remedy available only under circumstances compelling such action to achieve justice" or to correct errors "of the most fundamental character." *Morgan*, 346 U.S. at 511. The Court did not expound on the specific circumstances under which a court should grant or deny the writ. Since *Morgan*, the Eighth Circuit has held that a petitioner requesting coram nobis relief must show collateral consequences resulting from the conviction sought to be voided. *See Stewart v. United States*, 446 F.2d 42 (8th Cir. 1971) (requiring showing of "present adverse legal consequences"); *McFadden v. United States*, 439 F.2d 285, 287 (8th Cir. 1971) (same). The Eighth Circuit has not explained what adverse consequences must be shown in order to obtain coram nobis relief, or what type of evidence is required to prove the adverse consequences.

Petitioner in the present case has shown a fundamental error and compelling circumstances necessary to obtain coram nobis relief because, in light of *Gaffey*, the Court lacked subject matter jurisdiction to enter the Judgment on December 3, 1998. In regard to adverse legal consequences, Petitioner filed a document in which he states:

> During program review meetings with prison officials, I have discussed my custody classification status and my ability to transfer to lower level facilities which may offer programs better suited to my community re-entry plans. As a result of those discussions, I have learned that the 1998 conviction at the crux of this action

3

is a determinative factor in the decision to classify me as a "high" custody inmate and in precluding me from transferring to lower level facilities.

(Doc. 11.) The government does not argue that these adverse consequences are insufficient to justify coram nobis relief. Rather, the government contends that the Court cannot rely solely upon Petitioner's unsubstantiated claims. The government suggests that Petitioner should submit an affidavit from an employee of the United States Bureau of Prisons to substantiate his claims. Petitioner's curt response stating that his prison classification is not "the backbone of his writ" (doc. 15) indicates that he did not understand that the Court cannot grant the extraordinary remedy of coram nobis unless he demonstrates that he is suffering from present adverse consequences. Inasmuch as Petitioner is proceeding pro se, the Court will allow him an opportunity to submit supporting affidavits or other documentation to prove he is suffering adverse consequences. Accordingly,

IT IS ORDERED that, within sixty (60) days of the date of this Order, Petitioner shall serve and file supporting affidavits or other documentation to show he is suffering adverse consequences as a result of the 1998 burglary conviction. The government shall file a Response within twenty (20) days after receipt of Petitioner's evidence. Petitioner may serve and file a Reply within ten (10) days after receipt of the Government's Response.

Dated this ___23___ day of May, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
    (SEAL)      DEPUTY

4