UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JUL 09 2008

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JERRY MEDICINE HORN, | \* | CR 98-40126 |
| | \* | CIV 06-4021 |
| Petitioner, | \* | |
| | • | MEMORANDUM OPINION AND |
| | • | ORDER GRANTING REQUEST |
| -vs- | \* | FOR WRIT OF ERROR CORAM NOBIS |
| UNITED STATES OF AMERICA, | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner Jerry Medicine Horn filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255, contending that the Court lacked jurisdiction to enter the Judgment in a Criminal Case signed by the Court on December 3, 1998, sentencing him to 12 months' and 1 day incarceration. (CR 98-40126, Doc. 56.) Because Petitioner is no longer in custody for the conviction he is challenging, the Court construed his § 2255 as a request for a writ of error coram nobis. For the following reasons, the Court will grant Petitioner's request.

## BACKGROUND

On September 22, 1998, Petitioner pled guilty to Count 1 of the Superseding Information charging him with burglary in violation of 18 U.S.C. § 1153 and SDCL § 22-32-8. The burglary occurred at the Lake Andes City Liquor Store, which is located on former allotted land on the Yankton Sioux Reservation. (CR 98-40126, Doc. 39.) Petitioner was sentenced to 12 months and 1 day imprisonment. (*Id.*, Doc. 54.)

On August 31, 1999, in *Yankton Sioux Tribe v. Gaffey*, 188 F.3d 1010 (8th Cir. 1999), the Eighth Circuit held that the Yankton Sioux Reservation had been diminished by the loss of lands

originally allotted to Tribal members which had passed out of Indian hands. After the *Gaffey* decision was issued, the Court asked the United States Attorney's Office to write to the defendants affected by, or potentially affected by, the *Gaffey* jurisdiction decision, "so that those that had been convicted and sentenced in this court would know they could bring a 2255." (CR 04-40106, Doc. 105, Sentencing Transcript at p. 3-4.) About 50 letters were sent, but one was not sent to Petitioner. (*Id.*) On October 26, 1999, after Petitioner served his 12 month and 1 day sentence in CR 98-40126, a Petition to Revoke Supervised Release was filed. (CR 98-40126, Doc. 57.) On January 18, 2000, this Court dismissed the Petition to Revoke for lack of jurisdiction pursuant to *Gaffey* because Petitioner's crime occurred on a former allotment. (*Id.*, Doc. 71.)

Later, in *Covey v. United States*, 109 F.Supp.2d 1135 (D.S.D. 2000), this Court granted a § 2255 motion and vacated a sentence because the crime was committed on originally allotted land which had passed out of Indian hands and, under the holding in *Gaffey*, this Court lacked jurisdiction when the Judgment was entered. Following its holding in *Covey*, the Court granted a number of other § 2255 motions filed by defendants whose crimes were committed on former allotments. Prior to this pending motion, Petitioner did not challenge his 1998 conviction. He was not aware he could obtain expungement of the 1998 conviction by means of a § 2255 motion until it was mentioned at the time of his sentencing on the subsequent conviction. (Doc. 11.)

On September 23, 2004, Petitioner was charged with aggravated sexual abuse and sexual abuse of a minor. (CR 04-40106, Doc. 1.) He was convicted on Counts 1 and 2 of a Superseding Indictment on April 27, 2005. (*Id.*, Doc. 91.) On August 18, 2005, Petitioner was sentenced to 240 months of imprisonment on Count 1 to run concurrently with 180 months of imprisonment on Count 2. (*Id.*, Doc. 97.) The judgment and conviction were affirmed on appeal. *See United States v. Medicine Horn*, 447 F.3d 620 (8th Cir. 2006). At the present time, Petitioner is in custody serving the sentence imposed in CR 04-40106. He filed the pending motion claiming that the 1998 conviction adversely affects him, and he asks the Court to vacate the conviction.

On September 15, 2006, this Court issued an Order construing the § 2255 as a writ of error coram nobis and directing the government to respond. In its response, the government asserted that Petitioner is not entitled to coram nobis relief because he has not shown that his 1998 conviction is causing adverse consequences.

In a Memorandum Opinion and Order issued on May 23, 2007, this Court discussed *United States v. Morgan*, 346 U.S. 502 (1954), where the Supreme Court held that the common-law writ of error coram nobis was available to an applicant who was serving a state prison term that the sentencing court had enhanced because of a prior federal conviction. The applicant had long since served the federal sentence when he sought an order to void it. The district court treated the action as a § 2255 motion and, because a § 2255 motion requires that the applicant be "in custody" at the time of filing, the district court dismissed the action for lack of jurisdiction. The Supreme Court, finding that no other remedy was available for the applicant, held that the district court had jurisdiction to treat the action as a motion for a writ of error coram nobis. The Supreme Court held that the writ is an "extraordinary remedy available only under circumstances compelling such action to achieve justice" or to correct errors "of the most fundamental character." *Morgan*, 346 U.S. at 511. The Supreme Court did not expound on the specific circumstances under which a court should grant or deny the writ. Subsequently, the Eighth Circuit held that a petitioner requesting coram nobis relief must show collateral consequences resulting from the conviction sought to be voided. *See Stewart v. United States*, 446 F.2d 42 (8th Cir. 1971) (requiring showing of "present adverse legal consequences"); *McFadden v. United States*, 439 F.2d 285, 287 (8th Cir. 1971) (same). The Eighth Circuit has not explained what adverse consequences must be shown in order to obtain coram nobis relief, or what type of evidence is required to prove the adverse consequences.

In the May 23, 2007 Memorandum Opinion, this Court held that Petitioner has demonstrated a fundamental error and compelling circumstances necessary to obtain coram nobis relief because, in light of *Gaffey*, the Court lacked subject matter jurisdiction to enter the Judgment on December 3, 1998. In regard to adverse legal consequences, Petitioner had filed a document in which he stated:

3

> During program review meetings with prison officials, I have discussed my custody classification status and my ability to transfer to lower level facilities which may offer programs better suited to my community re-entry plans. As a result of those discussions, I have learned that the 1998 conviction at the crux of this action is a determinative factor in the decision to classify me as a "high" custody inmate and in precluding me from transferring to lower level facilities.

(Doc. 11.) The government did not argue that these adverse consequences were insufficient to justify coram nobis relief. Rather, the government asserted that the Court could not rely solely upon Petitioner's unsubstantiated claims. The government suggested that Petitioner submit an affidavit from an employee of the United States Bureau of Prisons to substantiate his claims. Petitioner was directed to provide the Court with documentation to prove his adverse consequences. The record shows that Petitioner encountered difficulties obtaining the documentation he requested from prison officials. Finally, on December 17, 2007, Petitioner submitted a memorandum ("Memorandum") from R. Mitchell, a case manager with the Federal Bureau of Prisons ("BOP"). (Doc. 26.) The Memorandum states, in relevant part: "Information maintained within your Pre-Sentence Investigation reflects 1998 conviction for Burglary for which you were assessed two criminal history points. The two points are reflected within your custody classification and may have an adverse affect toward your overall custody score." (*Id.*) The Government has not responded to Petitioner's most recent filings, including the Memorandum.

The Court finds that the Memorandum is sufficient to substantiate Petitioner's claims that the 1998 conviction affects his custody classification. A more detailed explanation of how the two criminal history points have affected Petitioner's custody level would have assisted the Court, but Petitioner did his best to obtain the information he needed, and the lack of detail in the Memorandum prepared by the BOP will not be held against Petitioner. The Memorandum shows that, in determining Petitioner's custody level, the BOP considered the two criminal history points for the 1998 conviction which Petitioner was assessed when he was sentenced in CR 04-40106. BOP Program Statements reviewed by the Court indicate that the BOP uses criminal history points to calculate its own criminal history score, which is one of the factors used to determine a prisoner's custody level. *See* PS 5100.08, Ch. 2 at 1-2. A prisoner's custody level affects his housing, work

assignments, level of supervision and eligibility for desirable activities. *Id.* at 1-4. Thus, Petitioner has shown that the 1998 burglary conviction results in adverse consequences. The government has not presented any evidence or argument to the contrary. The Court will grant the writ of error coram nobis, will vacate Petitioner's 1998 conviction, and will direct the BOP to reevaluate Petitioner's custody classification without considering the 1998 conviction or the two criminal history points assessed for it. *See* PS 5100.08, Ch 6 at 1 (a prisoner's custody classification is reviewed at least every 12 months, but may be conducted earlier if necessary). Accordingly,

IT IS ORDERED:

(1) That the request for a writ of error coram nobis is granted. (Doc. 1)

(2) That the conviction and judgment in United States v. Jerry Medicine Horn, CR 98-40126, is vacated and set aside.

(3) That Petitioner's conviction in CR 98-40126, including the two criminal history points which Petitioner was assessed in his sentence in CR 04-40106, should not be considered by the Bureau of Prisons for any reason during Petitioner's incarceration for his conviction in CR 04-40106, including determining Petitioner's custody classification.

(4) That the respondent, United States of America, shall ensure that the Bureau of Prisons promptly reviews Petitioner's custody classification in light of the ruling in this case.

(5) That a copy of this Order and a copy of the Judgment shall be filed in CR 98-40126.

Dated this 9th day of July, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY Jackie Meisenheimer
(SEAL)    DEPUTY

5